IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALVIN L. MERRITTE,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**STACI DEWEESE, ELAINE BURCHAM, KELLY KAISER, PATRICIA POTTS, TAMMY KIMMEL, CHRIS BROOKS, RHONDA WAGGONER, NOREEN BAKER, STEVEN DUNCAN, BETHANY TREDWAY, MARK STORM, RICHARD MOORE, S. A. GODINEZ, CHRISTOPHER WALTZ, VICKY WALKER, RANDALL BROOKS, GARY WALKER, DEREK HUNDLEY, MICHAEL DEAN, TRAVIS OCHS, MATTHEW WINKA, DARRELL SELBY, CHAD RAY, WEXFORD HEALTH SOURCES, INC., HCU ADMINISTRATOR, DIRECTOR OF NURSING, MARC HODGE, and BENJAMIN BRAKE,**<br><br>        **Defendants.** | Case No. 3:16-cv-959-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are several motions filed by Plaintiff Calvin Merritte and Defendants. Specifically, Merritte has filed a Motion to Show Cause and/or Motion for Relief from Judgment (Doc. 166), Motion for Court Order (Doc. 173), Motion for Free Court Records (Doc. 175), Motion for Discovery (Doc. 176), Supplemental Motion for Order to Show Cause and Relief from Judgment (Doc. 177), and a Motion for Preliminary Injunction (Doc. 184). Defendants have moved to strike these motions (Docs. 179, 186).

For the reasons set forth below, Merritte's motions are denied and Defendants' motions are denied as moot.

On November 7, 2018, Magistrate Judge Donald G. Wilkerson issued a Show Cause Order, ordering Merritte to show cause in writing by December 28, 2018, why this matter should not be dismissed due to his failure to prosecute this action and cooperate with appointed counsel (Doc. 145). Merritte failed to reply in a timely fashion, resulting in the Court dismissing the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 157).

Merritte now invokes Federal Rule of Civil Procedure 60(b) in his Motions to Show Cause and for Relief from Judgment (Docs. 166, 177), stating that he did not receive any of his appointed counsel's communications and did not have adequate library access or access to mailing materials. Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, inadvertence, surprise, excusable neglect by the movant, or newly discovered evidence that could not have been discovered within the deadline for filing a Rule 59 motion. This rule is considered an extraordinary remedy and is granted only in exceptional circumstances. *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009).

Here, Merritte has filed to demonstrate exceptional circumstances warranting the reopening of his dismissed case under Rule 60. Merritte repeatedly failed to comply with the Court's order and failed to communicate, even despite a reminder from the Court. For this reason, Merritte's Motion to Show Cause and/or Motion for Relief from Judgement (Doc. 166) and Supplemental Motion for Order to Show Cause and Relief from

Judgement (Doc. 177) are **DENIED**.

Furthermore, Merritte's case was dismissed with prejudice and judgment was entered January 28, 2019. Accordingly, his attempts to continue to engage in discovery and otherwise seek relief in this closed case are without merit. For these reasons, Merritte's Motion for Court Order (Doc. 173), Motion for Free Court Records (Doc. 175), Motion for Discovery (Doc. 176), and Motion for Preliminary Injunction (Doc. 184) are also **DENIED**.

Because Merritte's motions are denied, Defendants motions to strike (Doc. 179, 186) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: March 18, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**